IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01216-BNB

EDWARD HENRY COLEMAN,

    Applicant,

v.

C. DANIELS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Edward Henry Coleman, is a prisoner in the custody of the United States Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Coleman, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee.

On June 7, 2010, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Coleman to respond and show cause why the Application should not be denied because the claims he raises address the validity of his sentence and not the execution of his sentence. On June 6, 2010, Mr. Coleman filed a response to the Order to Show Cause.

The Court must construe the Application liberally because Mr. Coleman is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

It appears from the habeas corpus application that Mr. Coleman is attacking his federal conviction. Although the application is unclear, Mr. Coleman asserts that he has settled "all obligations and liabilities" incurred as a result of his criminal conviction and demands his immediate release from custody. Application at 3-4. According to www.pacer.psc.uscourts.gov, on November 10, 2005, Mr. Coleman pled guilty to conspiracy to interfere with commerce by robbery, interference with commerce by robbery, armed bank robbery, and brandishing firearms during and in relation to crimes of violence in the United States District Court for the Central District of California in Criminal Action No. 04-cr-425(C)-AHM. On April 6, 2006, he was sentenced to 312 months in prison followed by five years supervised release. Mr. Coleman did not appeal his conviction or sentence. In 2007, Mr. Coleman filed in his criminal case a motion pursuant to 28 U.S.C. § 2255. The § 2255 motion was denied on July 3, 2008. The Ninth Circuit summarily affirmed the trial court on December 7, 2009. *United States v. Coleman*, No. 09-55910 (9th Cir. Dec. 7, 2009) (unpublished decision).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id*. (citation omitted). "The purpose of

2

section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).

A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 Fed. Appx. 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001)).

It appears from the Application and the response to the Order to Show Cause that Mr. Coleman is attempting to overturn his conviction and obtain his immediate release from incarceration. Further, Mr. Coleman is not challenging the execution of his sentence by the BOP. Mr. Coleman, however, fails to assert that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. Therefore, based on the above findings, the Court concludes that the Application lacks merit and must be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this __22nd__ day of __July__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01216-BNB

Edward Henry Coleman
Reg No. 29790-112
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __7/23/10__

                            GREGORY C. LANGHAM, CLERK

                          By: _____
                                   Deputy Clerk